# EXHIBIT 1

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Maryland

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The LG Wireless Telephone, Model No. LG430G, Serial No. 207CYCV456331, and the LG Wireless Telephone, Model No. LG430G, Serial No. 207CYHE41123

Case No. 1:13-mj-01466 CBA

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Maryland *(identify the person or describe the property to be searched and give its location)*:

The LG Wireless Telephone, Model No. LG430G, Serial No. 207CYCV456331 (SUBJECT TELEPHONE A), and the LG Wireless Telephone, Model No. LG430G, Serial No. 207CYHE41123 (SUBJECT TELEPHONE B)

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

Evidence and information relating to violations of 21 U.S.C. Sections 841 and 846 by Joe Payne and Bruce Winston

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before June 26, 2013 *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10 p.m. ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge C. Bruce Anderson
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for ___ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of ___.

Date and time issued: 6/13/13 1:24 pm          /s/ CBA
                                                *Judge's signature*

City and state: Salisbury, Maryland        Hon. C. Bruce Anderson, USMJ
                                            *Printed name and title*

SW-0001

# UNITED STATES DISTRICT COURT
## for the
### District of Maryland

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The LG Wireless Telephone, Model No. LG 430G, Serial No. 207CYCV458331, and the LG Wireless Telephone, Model No. LG 430G, Serial No. 207CYHE41123

Case No. 1:13-mj-01466 CBA

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The LG Wireless Telephone, Model No. LG 430G, Serial No. 207CYCV458331 (SUBJECT TELEPHONE A), and the LG Wireless Telephone, Model No. LG 430G, Serial No. 207CYHE41123 (SUBJECT TELEPHONE B)

located in the _____ District of Maryland _____, there is now concealed *(identify the person or describe the property to be seized)*:

Evidence and information relating to violations of 21 U.S.C. Sections 841 and 846 by Joe Payne and Bruce Winston

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sections 841 and 846 | Possession and possession with intent to distribute cocaine; conspiracy to distribute and possess with intent to distribute cocaine |

The application is based on these facts:

See attached affidavit

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

SA Sean Fitzpatrick, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: 6/13/13 1:24pm

_____
Judge's signature

City and state: Salisbury, Maryland          Hon. C. Bruce Anderson, USMJ
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH THE LG WIRELESS TELEPHONE (SUBJECT TELEPHONE A), MODEL NO. LG 430G, SERIAL NO. 207CYCV456331, AND THE LG WIRELESS TELEPHONE (SUBJECT TELEPHONE B), MODEL NO. LG 430G, SERIAL NO. 207CYHF411233, ALL CURRENTLY LOCATED AT THE DEA BALTIMORE NON-DRUG EVIDENCE VAULT, 200 ST. PAUL STREET, STE 2222, BALTIMORE, MARYLAND 21202 | CASE NO. 1:13-mj-01466 CBA |

...ooOoo...

**GOVERNMENT'S MOTION TO SEAL**

The United States of America, by and through its Attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland and Peter J. Martinez, Assistant United States Attorney, hereby moves this Honorable Court for an Order sealing the above-referenced search warrant, the affidavit of Sean Fitzpatrick, and all related documents. In support of this motion, the government states as follows:

1. On _____, 2013, United States Magistrate Judge C. Bruce Anderson authorized the search of information associated with the LG wireless telephones identified in the case caption above (SUBJECT TELEPHONES A and B).

2. The affidavit submitted in support of the above-referenced search warrant contains information regarding an ongoing investigation of narcotics violations. Certain targets of the investigation are, upon information and belief, unaware of any investigation against them.

The government submits that appearance of the search warrant, the affidavit of Special Agent Fitzpatrick, or any related document in the public record prior to any enforcement action could lead to destruction of evidence and may jeopardize the ongoing investigation.

WHEREFORE, the United States respectfully requests that the Court issue an ORDER sealing the above-referenced search warrant, the affidavit of Special Agent Fitzpatrick, and any related documents until further Order of the Court.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____
Peter J. Martinez
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
410-209-4984

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

IN THE MATTER OF THE : 
SEARCH THE LG WIRELESS : CASE NO. _____
TELEPHONE (SUBJECT TELEPHONE A), :
MODEL NO. LG 430G, SERIAL NO. :
207CYCV456331, AND THE LG :
WIRELESS TELEPHONE (SUBJECT :
TELEPHONE B), MODEL NO. :
LG 430G, SERIAL NO. :
207CYHF41233, ALL CURRENTLY :
LOCATED AT THE DEA BALTIMORE :
NON-DRUG EVIDENCE VAULT, 200 :
ST. PAUL STREET, STE 2222, :
BALTIMORE, MARYLAND 21202 :

...ooOoo...

## ORDER

For good cause shown upon motion of the United States of America, it is this _____ day of _____, 2013, by the United States District Court for the District of Maryland hereby ORDERED that the above-referenced search warrant, the affidavit of Special Agent Sean Fitzpatrick, and any related documents be SEALED pending further order of this Court.

It is further ORDERED that the Clerk of the Court provide a copy of this Order to the United States Attorney's Office.

_____
C. Bruce Anderson
United States Magistrate Judge

SW-0006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

IN THE MATTER OF THE SEARCH OF
THE LG WIRELESS TELEPHONE
(SUBJECT TELEPHONE A), MODEL NO.
LG430G, SERIAL NO. 207CYCV456331,
AND THE LG WIRELESS TELEPHONE
(SUBJECT TELEPHONE B), MODEL NO.
LG430G, SERIAL NO. 207CYHE411233,
ALL CURRENTLY LOCATED AT THE
DEA BALTIMORE NON-DRUG EVIDENCE
VAULT, 200 ST. PAUL STREET, STE 2222,
BALTIMORE, MARYLAND 21202.

Case No. 1:13-mj-01466-CBA

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION UNDER RULE 41 FOR A
## WARRANT TO SEARCH AND SEIZE

I, Sean Fitzpatrick, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing:

   a. the examination of two LG wireless telephones (SUBJECT TELEPHONES A and B) that are currently in law enforcement possession; and

   b. the extraction from those telephones of electronically stored information described in Attachment B, pursuant to the protocol set forth in Attachment C.

2. I am a Special Agent with the Drug Enforcement Administration. I have been so employed since 1997. I have more than 16 years of experience investigating a wide variety of state and federal criminal offenses. I have received training in all aspects of the investigative

process, including (i) search and seizure, and (ii) the use of technology by criminals to commit violations of state and federal law.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The devices to be examined include: (i) an LG wireless telephone, Model No. LG430G, Serial No. 207CYCV45633I, hereinafter SUBJECT TELEPHONE A, and (ii) an LG wireless telephone, Model No. LG430G, Serial No. 207CYHB41233, hereinafter SUBJECT TELEPHONE B. SUBJECT TELEPHONES A and B are currently stored in the DEA Baltimore non-drug evidence vault, which is located at 200 St. Paul Place, Suite 2222, Baltimore, Maryland 21202.

5. As noted previously, the requested warrant would authorize the forensic examination of SUBJECT TELEPHONES A and B for the purpose of identifying electronically stored information particularly described in Attachment B, pursuant to the protocol described in Attachment C.

## PROBABLE CAUSE

6. There is probable cause to believe that SUBJECT TELEPHONES A and B contain information relating to violations of the federal narcotics laws by Bruce WINSTON and Joe PAYNE. As set forth below, on June 3, 2013, law enforcement officers seized approximately 18 kilograms of cocaine from a truck in which WINSTON and PAYNE were

2

traveling on Interstate 70 in Maryland. The facts relating to that seizure, and their connection to SUBJECT TELEPHONES A and B, are set forth in detail below.

7. In January 2013, the DEA interviewed a cooperating defendant who disclosed that s/he was purchasing kilogram quantities of cocaine from a Mexican source of supply. The CD explained that, on more than one occasion, an individual working for the Mexican source of supply, whom the CD identified as "George," would deliver cocaine to Delaware in a pickup truck with a hidden compartment. The CD recounted that the individual who delivered the cocaine would fly into Philadelphia and stay at a Holiday Inn in Harrington, Delaware. During a subsequent meeting with law enforcement, the CD identified the individual who delivered the cocaine as Jorge Alan HEREVIA.

8. Pursuant to an administrative subpoena, the DEA learned that HEREVIA stayed at the Holiday Inn in Harrington, Delaware on multiple occasions in September 2012. On one of those occasions, HEREVIA paid for two rooms at the hotel, the second of which was occupied by WINSTON. Law enforcement is aware that in January 2010, investigators stopped a truck registered to WINSTON's wife (and driven by an individual who admitted being an employee of WINSTON's) in Asheville, NC. During the stop, investigators recovered approximately $1 million dollars and 1,000 pounds of marijuana from a hidden compartment in a trailer attached to the truck. Investigators did not charge WINSTON with a crime in connection with this search and seizure.

9. On May 31, 2013, your affiant sought information relating to the Bank of America account utilized by HEREVIA while staying at the Holiday Inn in Harrington, Delaware. At that time, your affiant learned via credit card information that HEREVIA was

3

staying at a Holiday Inn in Baltimore's Inner Harbor. Pursuant to an administrative subpoena, your affiant confirmed that HEREVIA had booked his hotel room at the Holiday Inn on May 26, 2013. Law enforcement subsequently established surveillance in and around the Holiday Inn.

10. On June 2, 2013, officers conducting surveillance observed two white males, whom they later identified as WINSTON and PAYNE, checking into the Holiday Inn. Officers saw WINSTON and PAYNE meeting with HEREVIA later that day. During the meeting, an officer overheard WINSTON and PAYNE stating they were from Arkansas. Officers subsequently observed a white GMC truck, Arkansas registration 588OCX, in the parking lot outside the hotel. The truck was registered to WINSTON and his wife.

11. On June 3, 2013, officers observed HEREVIA leaving the Holiday Inn in the white GMC truck. The officers followed HEREVIA to a Wal-Mart in Randallstown, Maryland. At the Wal-Mart, an officer observed HEREVIA leaving the store carrying what appeared to be a heat sealer. Pursuant to an administrative subpoena, investigators later determined that while inside the Wal-Mart, HEREVIA did in fact purchase a heat sealer and several rolls of plastic wrap. HEREVIA then left the Wal-Mart, returned to the Holiday Inn, and parked the white GMC truck in the lot outside the hotel.

12. Approximately 15 minutes later, officers observed WINSTON and PAYNE leaving the Holiday Inn, carrying the same bags they brought with them when they checked into the hotel. WINSTON and PAYNE got into the white GMC truck and exited the parking lot. Officers followed WINSTON and PAYNE out of Baltimore, onto I-695 North, and eventually onto I-70 West. As WINSTON and PAYNE merged onto I-70 west, an officer contacted the

4

SW-0009

Maryland State Police and advised them of WINSTON's and PAYNE's whereabouts. He also identified the white GMC truck in which WINSTON and PAYNE were traveling.

13. At 11:47 p.m., the white GMC truck passed a Maryland State Trooper who was sitting in his vehicle on a service road in the median of the highway. The trooper noted that the truck slowed significantly as it passed by his location. The trooper subsequently exited the median and followed the truck as truck continued along the highway. The trooper then observed the truck changing lanes abruptly, without activating its turn signal, and pulling just in front a vehicle in the neighboring lane. The trooper then initiated a traffic stop of WINSTON and PAYNE.

14. During the course of the traffic stop, the trooper noted that WINSTON's hands were visibly shaking, and that WINSTON and PAYNE gave conflicting statements about where they had started their trip. On the basis of these and other observations, as well as on the prior notification that MSP received regarding WINSTON and PAYNE, the trooper requested a K-9 scan of the white GMC truck. The scan alerted positive for the presence of narcotics. The troopers subsequently searched the truck, and they discovered approximately 18 kilograms of cocaine hidden in a secret compartment. The officers seized the cocaine, as well as an undetermined amount of U.S. currency and two cellular telephones. One of the cellular telephones, SUBJECT TELEPHONE A, was seized from PAYNE; the other, SUBJECT TELEPHONE B, was seized from WINSTON.

15. WINSTON and PAYNE are currently charged in Maryland state court with multiple drug-related offenses.

5

16. Based on my training, knowledge, and experience, I know that suspected criminals often communicate via wireless telephone regarding their illegal activities. I therefore submit that there is probable cause to believe that SUBJECT TELEPHONES A and B contain additional information relating to the drug trafficking activities of WINSTON and PAYNE, including, but not limited to: (i) communications with co-conspirators and/or sources of supply regarding the transportation and distribution of cocaine; (ii) communications regarding the 18 kilograms seized by law enforcement officers on June 3, 2013.

17. As noted previously, SUBJECT TELEPHONES A and B are currently in the lawful possession of the Drug Enforcement Administration, Baltimore District Office. Although DEA may already have all necessary authority to examine SUBJECT TELEPHONES A and B, I seek this additional warrant out of an abundance of caution to be certain that an examination of SUBJECT TELEPHONES A and B will comply with the Fourth Amendment and other applicable laws.

18. SUBJECT TELEPHONES A and B are currently stored in the DEA Baltimore non-drug evidence vault, which is located at 200 St. Paul Place, Suite 2222, Baltimore, Maryland 21202. Based on my training, knowledge, and experience, I know that SUBJECT TELEPHONES A and B have been stored in such a way that their contents are, to the extent material to this investigation, in substantially the same state as they were when SUBJECT TELEPHONES A and B first came into the possession of the DEA.

9

## TECHNICAL TERMS

19. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitters/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books"; sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

20. Based on my training, knowledge, and experience, I know that SUBJECT TELEPHONES A and B have capabilities that allow them to serve as wireless telephones. In my experience, examining data stored on devices of this type can uncover, among other things,

7

SW-0012

evidence that reveals or suggests who possessed or used the device and where they used it; and who, if anyone, the user may have contacted.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

21. Based on my training, knowledge, and experience, I know that electronic devices can store information for long periods of time.

22. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes with which WINSTON and PAYNE are charged, but also forensic evidence that establishes how SUBJECT TELEPHONES A and B were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on SUBJECT TELEPHONES A and B because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how the electronic device was used, the purpose of its use, who used it, and when.

8

SW-0013

23.  *Nature of examination.* Based on the foregoing, and consistent with Federal Rule of Criminal Procedure 41(e)(2)(B), the warrant I am applying for would permit the examination of SUBJECT TELEPHONES A and B pursuant to the protocol described in Attachment C. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection.

24.  *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time during the day or night.

## CONCLUSION

25.  I submit that this affidavit supports probable cause for a search warrant authorizing the examination of SUBJECT TELEPHONES A and B (which are described in Attachment A hereto) for the purpose of seeking the items described in Attachment B, pursuant to the protocol described in Attachment C.

SW-0014

Respectfully submitted,

*[signature]*

Sean Fitzpatrick
Special Agent
U.S. Drug Enforcement Administration

Subscribed and sworn to before me
on 6/13/13 : 1:24 PM

*[signature]*

HON C. BRUCE ANDERSON
UNITED STATES MAGISTRATE JUDGE

10

SW-0015

## ATTACHMENT A

The devices to be examined include:

1. SUBJECT TELEPHONE A, an LG wireless telephone, Model No. LG430G, Serial No. 207CYCV45631. SUBJECT TELEPHONE A is currently in the custody of the DEA Baltimore District Office, Non-Drug Vault, 200 St. Paul Place, Suite 2222, Baltimore, Maryland 21202.

2. SUBJECT TELEPHONE B, an LG wireless telephone, Model No. LG430G, Serial No. 207CYHE4I1233. SUBJECT TELEPHONE B is currently in the custody of the DEA Baltimore District Office, Non-Drug Vault, 200 St. Paul Place, Suite 2222, Baltimore, Maryland 21202.

ATTACHMENT B

1. All records on SUBJECT TELEPHONES A and B created, stored, or updated before June 3, 2013 relating to violations of 21 U.S.C. §§ 841 and 846 by Bruce WINSTON and Joe PAYNE, including:

   a. Telephone numbers, names, addresses, and email addresses;

   b. Incoming and outgoing call logs;

   c. Opened and unopened voicemail messages;

   d. Text or SMS messages;

   e. Opened and unopened emails;

   f. Location information; and/or

   g. Photos and videos.

2. Evidence of user attribution showing who used or owned SUBJECT TELEPHONES A and B at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# ATTACHMENT C

## Search Protocols

Because of the possibility that the files examined pursuant to the warrant will include information that is beyond the scope of what the United States has demonstrated the existence of probable cause to search for, the search shall be conducted in a manner that will minimize to the greatest extent possible the likelihood that files or other information for which there is not probable cause to search will be viewed.

Although this Attachment does not prescribe the specific search protocol to be used, it does contain limitations as to what government investigators may view during their search, and law enforcement personnel shall be obligated to document the search methodology used in the event that there is a subsequent challenge to the search that was conducted pursuant to the following protocol:

With respect to the search of any digitally/electronically stored information that is seized pursuant to this warrant and described in Attachment B hereto, the search procedure shall include such reasonably available techniques designed to minimize the chance that investigators conducting the search will view information that is beyond the scope for which probable cause exists. The following list of techniques is a non-exclusive list which illustrates the types of search methodology that may avoid an overbroad search, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein:

a. Use of computer search methodology to conduct an examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized as set forth herein by specific date ranges, names of individuals, or organizations;

b. Searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein;

c. Physical examination of the storage device, including digitally surveying various file directories and the individual files that they contain to determine whether they include data falling within the list of items to be seized as set forth herein;

d. Opening or reading portions of files that are identified as a result of conducting digital search inquiries in order to determine whether their contents fall within the items to be seized as set forth herein;

e. Digitally scanning storage areas to recover data falling within the list of items to be seized as set forth herein, to possibly recover any such deleted data, and to search for and recover files falling within the list of items to be seized; and/or

f. Performing key word or similar searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in Attachment B.