

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Peter J. Martinez*  *36 S. Charles Street*  *DIRECT: 410-209-4984*
*Assistant United States Attorney*  *Fourth Floor*  *MAIN: 410-209-4800*
*Peter.Martinez@usdoj.gov*  *Baltimore, MD 21201-3119*  *FAX: 410-962-0717*

September 22, 2014

**FILED VIA ECF**

The Honorable Richard D. Bennett
United States District Judge
101 W. Lombard Street
Greenbelt, MD 20770

    Re:    United States v. Bruce Dwayne Winston et al.
             Criminal No. RDB-13-0639

Dear Judge Bennett:

    We write regarding the *Bruton* issue that the parties discussed last week in connection with the pending motion to sever by Joe Howard Payne. *See* ECF No. 40. As the Court recalls, the issue derives from a statement made to law enforcement by Payne's codefendant, Bruce Dwayne Winston. Winston's statement—or, more precisely, the problematic portion of Winston's statement—is as follows:

> Winston said "he speculated what he and Payne were doing was OK, but still thought he and Payne was [sic] involved in the drug trafficking business."

    The government has proposed redacting Winston's statement such that it omits any reference to Payne. The redacted, sanitized version of the statement would read as follows:

> Winston said "he speculated what he was doing was OK, but still thought he was involved in the drug trafficking business."

    The government believes that this redacted version of Winston's statement does not run afoul of the Sixth Amendment. As the Fourth Circuit recently explained, "the Confrontation Clause is not implicated so long as the codefendant's confession, accompanied by a limiting instruction, 'is redacted to eliminate not only the defendant's name, but any reference to his or her existence.'" *United States v. Min*, 704 F.3d 314, 320 (4th Cir. 2013) (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). "This is true even when the confession 'inferentially incriminates' the defendant because other evidence subsequently admitted at trial clearly links

the defendant to the statement in an inculpatory manner." *Id*. (quoting *Richardson*, 481 U.S. at 211); *see also United States v. Oliver*, 2013 WL 856704 at * 1 (4th Cir. Mar. 8, 2013); *United States v. Lighty*, 616 F.3d 321, 376-77 (4th Cir. 2010).

If, notwithstanding these authorities, the Court is inclined to hold that even the redacted version of Winston's statement raises a *Bruton* problem—such that the government will have to choose between using the statement against Winston and proceeding against both defendants in a joint trial—the government will elect not to use Winston's statement against either defendant. Under these circumstances, Payne is not entitled to a severance, even if the Court decides the *Bruton* issue in his favor.

        Very truly yours,

        Rod J. Rosenstein
        United States Attorney

By:   /s/
     Peter J. Martinez
     David I. Sharfstein
     Assistant United States Attorneys

cc: Teresa Whalen, Esq., Counsel for Joe Howard Payne
    Scott Carter-Eldred and Lucius Outlaw, Esq,, Counsel for Bruce Dwayne Winston