# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CASE NO. RDB-13-0639 |
| BRUCE DWAYNE WINSTON, | : | |
| and | : | |
| JOE HOWARD PAYNE, | : | |
| Defendants. | : | |

## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

The government requests that the following interrogation of prospective jurors be conducted pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

## Introduction

This is a criminal case. The defendants have been charged with violating certain criminal laws of the United States. Specifically, the defendants have been indicted for the following crimes, all of which are alleged to have occurred, at least in part, in Maryland:

- conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine; and
- possession with intent to distribute five kilograms or more of cocaine on June 3, 2013.

1. The trial in this case is expected to last approximately two weeks. Do you have substantial reasons why you cannot serve on a trial of this length?

2. Have you read or heard anything about this case or the defendant from any source whatsoever? If so, have you formed an impression or opinion as to the merits of this case?

Would that opinion prevent you from maintaining an open, impartial mind until all of the evidence is in and the instructions of the Court are given?

3. Do any of you know, or have you had any dealings with the defendants, Bruce Dwayne Winston and Joe Howard Payne?

4. Do you know, or have you had any dealings with, any friends, associates or family members of the defendants?

5. Do you know, or have you had any dealings with, any of the following persons or members of their families?

   (a) Counsel for the United States of America, Peter Martinez and David Sharfstein?

   (b) Counsel for Bruce Winston, Scott Carter-Eldred and Lucius Outlaw?

   (c) Counsel for Joe Payne, Teresa Whalen?

   (d) The following people who may be witnesses in the case or who may be mentioned by various witnesses: (A witness list will be provided prior to jury selection).

6. Have you served on a jury panel where any party was represented by any of the lawyers in this case?

7. Have you, any member of your family or any of your close friends ever been employed by the United States Department of Justice?

8. Do you know the United States Attorney for the District of Maryland, Rod J. Rosenstein; or any Assistant United States Attorneys; or any employees of the United States Attorney's Office?

9. Have you, any member of your family or any of your close friends ever been employed by any law enforcement agency, state or federal?

10. Have you, any member of your family, or any of your close friends ever been employed by any public defender's office, criminal defense attorney or defendants' rights advocacy groups?

11. This case was primarily investigated by the Drug Enforcement Administration, commonly known as the DEA; the Federal Bureau of Investigation, commonly known as the FBI; and the Wicomico County Narcotics Task Force.

    (a) Have you, any member of your family or any of your close friends ever had dealings with, or been in a dispute with those law enforcement agencies or any of their employees?

    (b) Do you have any reservations about these law enforcement agencies that would interfere in any way with your ability to judge the evidence in this case fairly and impartially?

12. Are you presently a plaintiff or defendant in any case pending in *this* Court, or any other federal or state court? If so, please elaborate.

13. Have you, any member of your family or any of your close friends ever been involved in any legal dispute with the Government or any agency of the Government?

14. At the end of the next series of questions, I am going to ask each person who has an affirmative answer to one or more of these questions to stand and come to the bench. Please do not rise until all of the questions have been asked.

    (a) Have you or any member of your family ever been the victim of a crime?

      (b)      Have you or any member of your family ever been accused of criminal conduct or ever been the subject of a criminal investigation?

      (c)      Have you or any member of your family ever been a witness to a crime?

      (d)      Have you or any member of your family ever been a witness for the prosecution or the defense in a criminal case?

If any of you have a "yes" answer to any or all of these questions, please stand, and you will be permitted to answer at the bench where other members of the panel cannot hear you.

15.      Have you or any member of your family ever attended law school?

16.      Have you ever served on a grand jury in either state or federal court? If so, did anything happen during your service as a grand juror which would influence you in any way in this case?

17.      Have you ever served as a juror at the trial of a criminal case in either state or federal court? If so, in what court did you serve as a juror, what charges were involved in the trial, and what was the result of the trial? Did anything happen during your prior jury service which would influence you in any way in deciding this case?

18.      Do you have any religious or moral scruples which would prevent you from judging the conduct of another person?

19.      Is there any member of the panel who feels that simply because a charge is prosecuted by the United States Attorney's Office, the defendant must be guilty?

20.      Is there any member of the panel who could not or would not follow my instructions that a person charged with a crime is presumed innocent until, if ever, the government proves him guilty, beyond a reasonable doubt?

21. A defendant in a criminal trial has an absolute right to not testify, and I will instruct the jurors that they cannot consider, use, or even discuss the fact that a defendant does not testify in this case. Are there any prospective jurors who would be unable to follow the Court's instruction to not draw any inference from the fact that a defendant does not testify?

22. Would you tend to give greater or lesser weight to the testimony of a law enforcement officer simply because he or she is a law enforcement officer?

23. Do you have any reservations about prosecutors, law enforcement agents or other law enforcement personnel, or defense counsel that would prevent you from rendering a fair and impartial verdict in this case?

24. Do you have any bias or prejudice, for or against, the use of a prosecutorial tool known as "plea bargaining," whereby a person who is called as a witness in a criminal case is given favorable consideration as to pending criminal matters under an agreement to cooperate and testify truthfully for the Government?

25. Do you have any strong feelings, either for or against, regarding the criminalization of the distribution of narcotics? Do you have any strong feelings regarding the criminalization of the distribution of cocaine?

26. Do you belong to any organizations that are attempting to repeal or relax the laws criminalizing the possession, sale, or use of controlled substances and/or illegal drugs?

27. Have you, any member of your family, or any close personal friends ever been addicted to drugs, whether prescription or otherwise?

28. Would any prospective juror be less likely to believe or not to believe, or to give lesser weight or credence to, the testimony of a witness merely because of the manner of dress, hairstyle, body markings or tattoos, or for any other reason?

29. Do you have any sight, hearing, language problems or difficulty understanding English that would make it difficult for you to serve as a juror in this case?

30. Do you have any reservations concerning the administration of criminal justice in the courts that would prevent you from rendering a fair and impartial verdict in this case?

31. Do you have any health problems of any sort that you are concerned about that might affect your ability to serve as a juror?

37. At the close of the case, the Court will instruct you on the law that you must apply to the facts of this case.

   (a) Is there anyone who would be unwilling or unable or would even hesitate to follow the Court's instructions on the law, even if you personally did not agree with the law as it is described by the Court?

   (b) If you had an opinion as to what the law should be, and your opinion was different from the Court's instructions as to what the law is, would you refuse or even hesitate to follow the Court's instructions?

38. Do you know of <u>any</u> reason why you could not sit with absolute impartiality to both sides as a juror in this case?

39. Have you had an opportunity to answer all questions applicable to you? Does anyone want to advise the Court of anything additional in response to any of the questions asked previously?

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: ____/s/_____
Peter J. Martinez
David I. Sharfstein
Assistant United States Attorneys
36 South Charles Street
4th Floor
Baltimore, Maryland 21201