# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. RDB-13-0639** |
| | ) | |
| **JOE HOWARD PAYNE,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BRUCE DWAYNE WINSTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

...o0o...

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The parties respectfully request that the Court instruct the jury using the following proposed instructions. The parties reserve the right to request further instructions should an issue arise during trial that may necessitate additional instructions.

The parties further request that the Court, in accordance with Rule 30 of the Federal Rules of Criminal Procedure, inform counsel prior to closing arguments whether it will give the requested instructions.

Respectfully submitted

_____/s/_____

Peter J. Martinez
David I. Sharfstein
Assistant United States Attorneys
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201

# TABLE OF CONTENTS

JURY INSTRUCTION NO. 1
(Juror Attentiveness)............................................................................................1

JURY INSTRUCTION NO. 2
(Role of the Court)...............................................................................................2

JURY INSTRUCTION NO. 3
(Role of the Jury)................................................................................................3

JURY INSTRUCTION NO. 4
(Juror Obligations)..............................................................................................5

JURY INSTRUCTION NO. 5
(The Government as a Party)................................................................................6

JURY INSTRUCTION NO. 6
(Conduct of Counsel)..........................................................................................7

JURY INSTRUCTION NO. 7
(Improper Considerations)...................................................................................8

JURY INSTRUCTION NO. 8
(Sympathy)..........................................................................................................9

JURY INSTRUCTION NO. 9
(Presumption of Innocence and Burden of Proof) ............................................10

JURY INSTRUCTION NO. 10
(Indictment is Not Evidence) ............................................................................11

JURY INSTRUCTION NO. 11
(Multiple Counts-Multiple Defendants) ...........................................................12

JURY INSTRUCTION NO. 12
(Variance–Dates) ..............................................................................................13

JURY INSTRUCTION NO. 13
(Specific Investigation Techniques Not Required)............................................14

JURY INSTRUCTION NO. 14
(Direct and Circumstantial Evidence)...............................................................15

JURY INSTRUCTION NO. 15
    (Testimony, Exhibits, Stipulations and Judicial Notice in General)..................................16

JURY INSTRUCTION NO. 16
    (Questions)....................................................................................................................17

JURY INSTRUCTION NO. 17
    (Search of a Vehicle and Telephones) ............................................................................18

JURY INSTRUCTION NO. 18
    (Inference Defined (Presumptions)) ................................................................................19

JURY INSTRUCTION NO. 19
    (Witness Credibility–General Instruction)........................................................................20

JURY INSTRUCTION NO. 20
    (Defendant's Interest if Defendant Testifies) ..................................................................22

JURY INSTRUCTION NO. 21
    (Coconspirator, Accomplice, and Cooperator Testimony)................................................23

JURY INSTRUCTION NO. 22
    (Law Enforcement Witness) ..........................................................................................25

JURY INSTRUCTION NO. 23
    (Expert Witness) ...........................................................................................................26

JURY INSTRUCTION NO. 24
    (Improper Consideration of Defendant's Right Not to Testify (If Applicable)) ...............27

JURY INSTRUCTION NO. 25
    (Introduction to the Charges and the Indictment)............................................................28

## COUNT ONE

JURY INSTRUCTION NO. 26
    (Count One - The Indictment and the Statutes) ..............................................................29

JURY INSTRUCTION NO. 27
    (Purpose of Statute)......................................................................................................30

JURY INSTRUCTION NO. 28
    (Elements of Conspiracy) ..............................................................................................31

JURY INSTRUCTION NO. 29
    (Existence of Agreement) ..............................................................................................32

JURY INSTRUCTION NO. 30
    (Membership of the Conspiracy) ...........................................................................33

JURY INSTRUCTION NO. 31
    (Knowingly)...........................................................................................................36

JURY INSTRUCTION NO. 32
    (Conscious Avoidance: Deliberately Closing Eyes)...........................................37

JURY INSTRUCTION NO. 33
    (Willfully) .............................................................................................................38

JURY INSTRUCTION NO. 34
    (Knowledge, Willfulness, Intent).......................................................................39

JURY INSTRUCTION NO. 35
    (Guilty Knowledge from Clandestine Behavior)................................................40

JURY INSTRUCTION NO. 36
    (Objects of the Conspiracy) ................................................................................41

JURY INSTRUCTION NO. 37
    (Type and Amount of Controlled Substance) ....................................................42

## COUNT TWO

JURY INSTRUCTION NO. 38
    (Counts Two - The Indictment and the Statute)................................................44

JURY INSTRUCTION NO. 39
    (Elements of the Offense) ...................................................................................45

JURY INSTRUCTION NO. 40
    (Possession of Narcotics)....................................................................................46

JURY INSTRUCTION NO. 41
    (Definition of Possession)...................................................................................47

JURY INSTRUCTION NO. 42
    (Knowledge that the Drugs Were Narcotics).....................................................48

JURY INSTRUCTION NO. 43
    (Method of Proving Knowledge) ........................................................................49

JURY INSTRUCTION NO. 44
    (Intent to Distribute) ...........................................................................................51

JURY INSTRUCTION NO. 45
    (Type and Amount of Controlled Substance) ...................................................................53

## AIDING AND ABETTING

JURY INSTRUCTION NO. 46
    (Aiding and Abetting)...........................................................................................................54

## CONCLUDING INSTRUCTIONS

JURY INSTRUCTION NO. 47
    (Punishment) ..........................................................................................................................57

JURY INSTRUCTION NO. 48
    (Submitting the Indictment)..................................................................................................58

JURY INSTRUCTION NO. 49
    (Duty to Consult and Need for Unanimity) .......................................................................59

JURY INSTRUCTION NO. 50
    (Foreperson – Verdict Form) ...............................................................................................61

JURY INSTRUCTION NO. 51
    (Right to See Exhibits and Hear Testimony; Communication with Court).......................62

## JURY INSTRUCTION NO. 1

### (Juror Attentiveness)

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

L. Sand, J. Siffert, W. Loughlin, S. Reiss & N. Batterman, <u>Modern Federal Jury Instructions: Criminal</u>, 2-1.

## JURY INSTRUCTION NO. 2

### (Role of the Court)

You have now heard all of the evidence in the case, and you have heard the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Sand, Modern Federal Jury Instructions, 2-2 (modified).

## <u>JURY INSTRUCTION NO. 3</u>

### (Role of the Jury)

Your final role is to pass upon and decide the factual issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence.  It is only the answer which is evidence.  Nor is anything I may have said during the trial or may say during these instructions with respect to a factual matter to be taken in substitution for your own independent recollection.  What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence.

The evidence does not include questions.  Only the answers are evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

3

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice as to any party.

Sand, <u>Modern Federal Jury Instructions</u>, 2-3.

**<u>JURY INSTRUCTION NO. 4</u>**

(Juror Obligations)

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

Sand, <u>Modern Federal Jury Instructions</u>, 2-4

**<u>JURY INSTRUCTION NO. 5</u>**

(The Government as a Party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, the government is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Sand, <u>Modern Federal Jury Instructions</u>, 2-5.

## <u>JURY INSTRUCTION NO.  6</u>

### (Conduct of Counsel)

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the bench out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.


Sand, <u>Modern Federal Jury Instructions</u>, 2-8 (modified).

## JURY INSTRUCTION NO. 7

(Improper Considerations)

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about a defendant's race, religion, national origin, sex, or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

Sand, Modern Federal Jury Instructions, 2-11.

## JURY INSTRUCTION NO. 8

(Sympathy)

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Sand, Modern Federal Jury Instructions, 2-12.

## JURY INSTRUCTION NO. 9

### (Presumption of Innocence and Burden of Proof)

Although the defendants have been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendants have pled not guilty to that indictment.

As a result of the defendants' plea of not guilty the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendants for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The law presumes a defendant to be innocent of all the charges against him. I therefore instruct you that each defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendants begin the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all the evidence in this case. If the government fails to sustain its burden, you must find a defendant not guilty.

This presumption was with each of the defendants when the trial began and remains with them even now as I speak with you and will continue with each defendant into your deliberations unless and until you are convinced that the government has proven their guilty beyond a reasonable doubt.

Sand, Modern Federal Jury Instructions, 4-1.

## JURY INSTRUCTION NO. 10

### (Indictment Is Not Evidence)

With these preliminary instructions in mind, let us turn to the charges against the defendants, as contained in the indictment. I remind you that an indictment itself is not evidence. It merely describes the charges made against the defendants. It is an accusation. It may not be considered by you as any evidence of the guilt of the defendants.

In reaching your determination of whether the government has proved the defendants guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

Sand, <u>Modern Federal Jury Instructions</u>, 3-1.

## JURY INSTRUCTION NO. 11

### (Multiple Counts—Multiple Defendants)

The indictment contains a total of two counts. Each count charges the defendants with a different crime.

There are two defendants on trial before you. You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charges.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

Sand, <u>Modern Federal Jury Instructions</u>, 3-8.

## JURY INSTRUCTION NO. 12
(Variance – Dates)

While we are on the subject of the indictment, I should draw your attention to the fact that the indictment charges that the offenses occurred on or about certain dates. The proof need not establish with any certainty the exact date of the specific acts or offenses. It is sufficient if the evidence in this case establishes that the offenses were committed on dates reasonably near the dates alleged in the indictment. The law only requires a substantial similarity between the dates alleged in the indictment and the dates established by testimony or exhibits.

Sand, Modern Federal Jury Instructions, 3-12 (modified); Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (modified).

## JURY INSTRUCTION NO. 13

### (Specific Investigative Techniques Not Required)

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. Law enforcement *techniques* are not your concern. Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

Moreover, the law does not require the prosecution to call as witnesses all persons who have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

Sand, Modern Federal Jury Instructions, 4-4 (modified).

## JURY INSTRUCTION NO. 14

### (Direct and Circumstantial Evidence)

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

Sand, Modern Federal Jury Instructions, 5-2.

## JURY INSTRUCTION NO. 15

### (Testimony, Exhibits, Stipulations and Judicial Notice in General)

The evidence in this case consists of the sworn testimony of the witnesses; the exhibits received in evidence, stipulations and judicially noticed facts.

Exhibits which have been marked for identification but not received may not be considered by you as evidence. Only those exhibits received may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witnesses' answers are evidence and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Sand, Modern Federal Jury Instructions, 5-4.

**JURY INSTRUCTION NO. 16**

(Questions)

Let me emphasize that a lawyer's question is not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

In short, questions are not evidence; answers are.

Sand, <u>Modern Federal Jury Instructions</u>, 5-3 (modified).

## JURY INSTRUCTION NO. 17

(Search of a Vehicle and Telephones)

You have also heard testimony in this case regarding evidence discovered by the government during a search of a vehicle and telephones. You are hereby instructed that it is the responsibility of the Court alone to determine the validity and legality of the searches, and the Court has determined that the evidence obtained as a result of these searches is admissible. It is up to you to decide what significance, if any, the evidence seized may have in this case.

## JURY INSTRUCTION NO. 18

### (Inference Defined (Presumptions))

During the trial you have heard the attorneys use the term "inference," and in their arguments they will ask you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict the defendant.

Sand, <u>Modern Federal Jury Instructions</u>, 6-1

## JURY INSTRUCTION NO. 19

### (Witness Credibility—General Instruction)

It must be clear to you by now that the Government and the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about.  Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Sand, <u>Modern Federal Jury Instructions</u>, 7-1.

## JURY INSTRUCTION NO. 20

### (Defendant's Interest if Defendant Testifies)

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.

Sand, <u>Modern Federal Jury Instructions</u>, 7-4.

<u>**JURY INSTRUCTION NO. 21**</u>

(Coconspirator, Accomplice and Cooperator Testimony)

In this case, there has been testimony from government witnesses who have either pled guilty or have been indicted and who have testified at this trial that they were actually involved in planning and carrying out the crime charged in the indictment—that is, that they were accomplices and co-conspirators. The government argues, as it is permitted to do, that it must take the witnesses as it finds them, and the government argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others. Indeed, certain criminal conduct would never be detected without the use of accomplice and cooperator testimony.

For those very reasons, the law allows the use of so-called accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in and of itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that this kind of testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices and on the subject of witnesses who testified pursuant to plea agreements.

You should ask yourselves whether this witness would benefit more by lying, or by telling the truth. Was his testimony made up in any way because he believed or hoped that he

would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the testimony of the witness.

There is evidence that the government agreed in those plea agreements to bring the witness's cooperation to the attention of the sentencing court in exchange for the witness's agreement to plead guilty and to testify truthfully, completely and fully at this trial.  The government is permitted to enter into these kinds of plea agreements and to make these kinds of promises, and the government is entitled to call as witnesses people to whom these promises are given.  You, in turn, may accept the testimony of such a witness.  You are instructed that you may convict a defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

In considering such testimony, you are instructed that you are to draw no conclusion or inferences of any kind about the guilt of any defendant on trial from the mere fact that a government witness pled guilty to the same or similar charge.  That witness's decision to plead guilty was a personal decision about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

Sand, Modern Federal Jury Instructions, 7-5, 7-10, 7-11 (modified).

## JURY INSTRUCTION NO. 22

(Law Enforcement Witness)

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Sand, Modern Federal Jury Instructions, 7-16 (modified).

(Expert Witness -- Generally)

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

Sand, Modern Federal Jury Instructions, 7-21.

## JURY INSTRUCTION NO. 24

### (Improper Consideration of Defendant's Right Not to Testify (If Applicable))

A defendant did not testify in this case. Under our constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that a defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against a defendant in any way in your deliberations in the jury room.

Sand, Modern Federal Jury Instructions, 5-21.

## <u>JURY INSTRUCTION NO. 25</u>

### (Introduction to the Charges and the Indictment)

We will next consider the crimes with which the defendants are charged in the indictment.  The alleged crimes are charged in what are called counts.  You will be considering Counts One and Two of the indictment.  Count One charges a conspiracy to distribute and possess with intent to distribute cocaine.  Count Two charges possession with intent to distribute cocaine.

I will now discuss with you the rules of law which govern whether the crime charged in each count has been proven.

Sand, <u>Modern Federal Jury Instructions</u>, 3-2 (modified).

## JURY INSTRUCTION NO. 26

### (Count One - The Indictment and the Statutes)

Count One of the indictment charges the defendants with conspiracy to violate drug trafficking laws.  I will discuss this count briefly and then instruct you on the law of conspiracy. I will then instruct you on the law related to the federal crimes which are the objects of the charged conspiracy.

The indictment reads as follows:  [The Court is respectfully requested to read Count One of the indictment at this time.]

This charge is brought under Section 846 of Title 21 of the United States Code, which provides that "any person . . . who conspires to commit any offense defined in this subchapter" has violated the criminal laws of the United States.  You are instructed that a violation of Section 841(a)(1) of Title 21 is an "offense defined in this subchapter," and that Section 841(a)(1) provides that "it shall be unlawful for any person knowingly or intentionally to . . . distribute . . . or possess with intent to . . . distribute . . .  a controlled substance."  Accordingly, you are instructed that it is a violation of Section 846 of Title 21 of the United States Code for any person to conspire to distribute or possess with intent to distribute any controlled substance.

You are further instructed as a matter of law that cocaine is a "controlled substance," as that term is used in these instructions, in the indictment, and in the statute just read to you.  You are further instructed that cocaine is a "Schedule II controlled substance."

Sand, Modern Federal Jury Instructions, 19-1, 56-1, 56-3 (modified); 21 U.S.C. §§ 841(a)(1), 846.

## JURY INSTRUCTION NO. 27

(Purpose of the Statute)

As just stated, the defendants are accused of having been a member of a conspiracy to violate drug trafficking laws. A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws.

Indeed, you may find a defendant guilty of the crime of conspiracy to commit an offense against the United States even though the underlying crime which was the object of the conspiracy was not actually committed. Moreover, you may find a defendant guilty of conspiracy despite the fact that he was incapable of committing the underlying crime himself.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

Sand, Modern Federal Jury Instructions, 19-2 (modified).

## JURY INSTRUCTION NO. 28

(Elements of Conspiracy)

In order to satisfy its burden of proof on Count One, the drug trafficking conspiracy, the government must establish each of the following three essential elements beyond a reasonable doubt:

First, that at least two or more persons entered the unlawful agreement charged in the indictment;

Second, that a defendant knowingly and willfully became a member of the conspiracy.

Sand, <u>Modern Federal Jury Instructions</u>, 19-3 (modified)

## JURY INSTRUCTION NO. 29

### (Existence of Agreement)

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered the unlawful agreement charged in the Indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act or acts.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

Sand, Modern Federal Jury Instructions, 19-4 (modified).

## JURY INSTRUCTION NO. 30

### (Membership in the Conspiracy)

The second and last element for Count One, which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that a defendant knowingly, willfully, and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether a defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and voluntarily joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the second superseding indictment.

As I mentioned a moment ago, before a defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that a defendant's participation in the conspiracy may be established by independent evidence of his own acts or statements, as well as those of alleged co-

conspirators, and the reasonable inferences which may be drawn from them. Like the conspirators' agreement, a defendant's participation in the conspiracy need not be explicit; it may be inferred from circumstantial evidence.

A defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every member, nor need he have been aware of all of their activities. Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, a defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of the defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. A defendant's connection to the conspiracy can be slight. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy and only a slight connection need be shown linking a particular defendant to the conspiracy to support a finding that a defendant was a member of the conspiracy; the government must prove the connection, however slight, beyond a reasonable doubt.

Thus, a defendant may be convicted of conspiracy without full knowledge of all of the conspiracy's details, if he joins the conspiracy with an understanding of the unlawful nature thereof and voluntarily joins in the plan on at least one occasion, even though he may not have participated before, might not participate again, and played only a minor role.

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy, by itself, does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, although those factors may be considered by you in determining the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, *without participation*, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated in some way, however slight, with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, before you may find a defendant guilty of conspiracy, the government must have proved beyond a reasonable doubt that the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking. He thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

Sand, <u>Modern Federal Jury Instructions</u>, 19-6 (modified); <u>United States v. Burgos</u>, 94 F.3d 849, 859 (4th Cir. 1996) (*en banc*) (conspiracy conviction requires only slight connection between the defendant and the conspiracy, although that connection must be proven beyond a reasonable doubt).

## JURY INSTRUCTION NO. 31

(Knowingly)

You have been instructed that in order to sustain its burden of proof, the government must prove that a defendant acted knowingly in becoming a member of the charged conspiracy. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether a defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Sand, <u>Modern Federal Jury Instructions</u>, 3A-1 (modified).

# JURY INSTRUCTION NO. 32

## (Conscious Avoidance: Deliberately Closing Eyes)

In determining whether a defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. If you find beyond a reasonable doubt that a defendant acted with a conscious purpose to avoid learning the truth that, for example, he had joined a conspiracy or had narcotics in his possession, then this element may be satisfied. However, guilty knowledge may not be established by demonstrating that a defendant was merely negligent, foolish, or mistaken.

If you find that a defendant was aware of a high probability that, for example, he had joined a conspiracy or had narcotics in his possession and that the defendant acted with deliberate disregard of the facts, you may find that the defendant acted knowingly. However, if you find that a defendant actually believed that he had not joined a conspiracy or did not have narcotics in his possession, he may not be convicted.

It is entirely up to you whether you find that a defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.


Sand, Modern Federal Jury Instructions, 3A-2 (modified).

## JURY INSTRUCTION NO. 33

(Willfully)

You have been instructed that in order to sustain its burden of proof the government must prove that a defendant acted willfully in becoming a member of the charged conspiracy.

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something that the law forbids, that is to say with the purpose to disobey or disregard the law.

A defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

Sand, Modern Federal Jury Instructions, 3A-3 (modified).

## JURY INSTRUCTION NO. 34

### (Knowledge, Willfulness, Intent)

Knowledge, willfulness and intent involve the state of a person's mind. It has often been said to juries that the state of one's mind is a fact as much as the state of his digestion. Accordingly, this is a fact you are called upon to decide.

Medical science has not yet devised an instrument which can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what one says or does: one's words, one's actions, and one's conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

Sand, Modern Federal Jury Instructions, 6-17.

## JURY INSTRUCTION NO. 35

(Guilty Knowledge from Clandestine Behavior)

Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which a transaction is carried out.


Sand, <u>Modern Federal Jury Instructions</u>, 6-19.

# JURY INSTRUCTION NO. 36

## (Objects of the Conspiracy)

In this case, the defendants are charged in Count One with conspiring to distribute and possess with intent to distribute a mixture or substance containing cocaine. As I go through Count Two, I will define for you the elements of the federal crime that is the object of the charged conspiracy. Although I am defining these concepts for you, remember, as I have just described, that in order for you to find a defendant guilty of *conspiring* to commit this crime, you do not need to find that the objects of the conspiracy were actually accomplished or that the underlying crime was actually committed; you need simply find that the defendant *conspired* to commit these crimes.

## JURY INSTRUCTION NO. 37

(Type and Amount of Controlled Substance)

If you find that the government has proven a defendant guilty of the conspiracy charged in Count One—that is, that the alleged conspiracy existed and that a defendant knowingly and intentionally became a member of the conspiracy—then you must determine, beyond a reasonable doubt, what type and quantity of controlled substances are attributable to the defendant. In determining what type and quantity of controlled substance is attributable to a particular defendant, you should consider the following factors:

- First, a defendant is accountable for any type and quantity of drugs which he personally distributed or possessed with intent to distribute;

- Second, a defendant is also accountable for any type and quantity of drugs which he *attempted to or planned* to distribute or possess with intent to distribute. Specifically, a defendant is accountable for those drugs even if those drugs were never *actually* obtained or distributed, so long as an objective of the conspiracy was for the defendant to distribute or possess with intent to distribute such a type and quantity of drugs.

- Third, a defendant is also accountable for any type and quantity of drugs which another member of the conspiracy distributed or possessed with intent to distribute as part of the conspiracy, so long as it was reasonably foreseeable to the defendant that such a type and quantity of drugs would be involved in the conspiracy which he joined.

- Fourth, a defendant is also accountable for any type and quantity of drugs which another member of the conspiracy *attempted to or planned to* distribute or possess with intent to distribute, so long as it was reasonably foreseeable to the defendant that such a type and quantity of drugs would be involved in the conspiracy which he joined. A defendant is

accountable for those drugs even if those drugs were never *actually* obtained or distributed by other members of the conspiracy, so long as an objective of the conspiracy was for the other members of the conspiracy to distribute or possess with intent to distribute such a type and quantity of drugs.

These last two rules apply even if the defendant did not personally participate in the acts or plans of his co-conspirators or even if the defendant did not have actual knowledge of those acts or plans, so long as those acts or plans were reasonably foreseeable to the defendant. The reason for this is simply that a co-conspirator is deemed to be the agent of all other members of a conspiracy. Therefore, all of the co-conspirators bear criminal responsibility for acts or plans that are undertaken to further the goals of the conspiracy.

Your findings about the types and quantities of controlled substances attributable to the defendant will be noted on the verdict form, which I will discuss in a moment.


Apprendi v. New Jersey, 530 U.S. 466 (2000).

## JURY INSTRUCTION NO. 38

### (Count Two – The Indictment and the Statute)

Counts Two of the indictment charges the defendants with possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. Count Two reads as follows: [The Court is respectfully requested to read Counts Two and Three of the indictment at this time.]

This Count charges the defendants with violating Section 841(a)(1) of Title 21 of the United States Code, which provides that "it shall be unlawful for any person knowingly or intentionally to … possess with intent to … distribute … a controlled substance." You are instructed as a matter of law that cocaine is a "controlled substance," as that term is used in these instructions, in the indictment, and in the statute just read to you. You are further instructed that cocaine is a "Schedule II controlled substance."

Sand, Modern Federal Jury Instructions, 56-1 (modified); 21 U.S.C. 841.

## JURY INSTRUCTION NO. 39

(Elements of the Offense)

In order to prove this charge against a defendant, the government must establish beyond a reasonable doubt each of the following elements of the crime:

First, that the defendant possessed cocaine;

Second, that the defendant knew that he possessed cocaine; and

Third, that the defendant possessed the cocaine with the intent to distribute it.

Sand, <u>Modern Federal Jury Instructions</u>, 56-2 (modify).

## JURY INSTRUCTION NO. 40

(Possession of Cocaine)

The first element the government must prove beyond a reasonable doubt is that a defendant possessed cocaine.

To establish this element, the government must prove that the material that a defendant is charged with possessing is, in fact, cocaine. The government may prove this through either direct or circumstantial evidence. An example of direct evidence is the testimony of a chemist who has done a chemical analysis of the material. Circumstantial evidence would be evidence from which you could infer that the material was cocaine, such as testimony concerning the names used by a defendant to refer to the material or testimony about the material's appearance. Whether the government relies on direct or circumstantial evidence to prove that the material in issue was cocaine, it must prove so beyond a reasonable doubt.

Sand, Modern Federal Jury Instructions, 56-3

## JURY INSTRUCTION NO. 41

### (Definition of Possession)

Actual possession is what most of us think of as possession; that is having physical custody or control of an object.  For example, if you find that a person had drugs on his person, you may find that he had possession of the drugs.  However, a person need not have actual physical custody of an object in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item.  An example of this from everyday experience would be a person's possession of items he keeps in a safe deposit box of his bank.  Although the person does not have physical custody of those items, he exercises substantial control over them and so has what is known as constructive possession of them.

Possession of drugs cannot be found solely on the ground that a person was near or close to the drugs.  Nor can it be found simply because a person was present at a scene where drugs were involved, or solely because a person associated with someone who does control the drugs or the property where they are found.  However, these factors may be considered by you, in connection with all the other evidence.

More than one person can have control over the same drugs.  If this is so, then these people have what is called "joint possession."  Joint possession is no different than sole possession.

Sand, <u>Modern Federal Jury Instructions</u>, 56-4

## <u>JURY INSTRUCTION NO. 42</u>

### (Knowledge that the Drugs Were Narcotics)

The second element that the government must prove beyond a reasonable doubt is that a defendant knew that he possessed narcotics.

To establish this element, the government must prove that a defendant knew that he possessed narcotics, and that his possession was not due to carelessness, negligence, or mistake. If you find that a defendant did not know that he had narcotics in his possession, or that he did not know that what he possessed was, in fact, narcotics, then you must find the defendant not guilty.

Although the government must prove that a defendant knew that he possessed narcotics, the government does not have to prove that the defendant knew the exact nature of the drugs in his possession. It is enough that the government proves that the defendant knew that he possessed some kind of narcotic.

Sand, <u>Modern Federal Jury Instructions</u>, 56-6.

## JURY INSTRUCTION NO. 43

### (Method of Proving Knowledge)

Your decision whether a defendant knew the materials he possessed were narcotics involves a decision about the defendant's state of mind. It is obviously impossible to prove directly the operation of a defendant's mind. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in this case may enable you to infer what a defendant's state of mind was.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder and more clearly than spoken or written words. Therefore, you may well rely in part on circumstantial evidence in determining a defendant's state of mind.

For example, if a defendant was the sole occupant of a residence or a vehicle, it is reasonable to conclude that the defendant knew about items in the residence or vehicle. A defendant's behavior may also indicate knowledge. Nervousness in the presence of the drugs or flight from the site at which authorities have identified drugs may indicate that a defendant knew that the materials in question were narcotics. Also, the possession of a large quantity of drugs may indicate that a defendant knew what he had in his possession. These examples are neither exhaustive nor conclusive.

You are reminded that, in determining whether a defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. Guilty knowledge may not be established by demonstrating that a defendant was merely negligent, foolish, or mistaken. However, if you find beyond a reasonable doubt that a

defendant acted with a conscious purpose to avoid learning the truth that he had narcotics in his possession, then this element may be satisfied.

It is up to you, based on all the evidence, to determine whether a defendant knew that he possessed narcotics.

Sand, <u>Modern Federal Jury Instructions</u>, 56-7 (modified).

## JURY INSTRUCTION NO. 44

(Intent to Distribute)

The third element the government must prove beyond a reasonable doubt is that the defendant intended to distribute the drugs.

The word "distribute" means to deliver a narcotic. "Deliver" is defined as the actual, constructive or attempted transfer of a narcotic. Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, narcotics.

For example, if A tells or orders B to hand over drugs to C, then A has caused the drugs to be handed over, and therefore has distributed them.

Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the drugs.

The same considerations that apply to your determination whether a defendant knew he possessed narcotics apply to your decision concerning a defendant's intention to distribute them. Since you cannot read a defendant's mind, you must make inferences from his behavior. However, you may not convict a defendant unless those inferences convince you beyond a reasonable doubt that a defendant intended to distribute the narcotics.

When I say that you must find that a defendant intended to distribute the narcotics, this does not mean that you must find that a defendant intended personally to distribute or deliver the

drugs.  It is sufficient if you find that a defendant intended to cause or assist the distribution of the narcotics.

Basically, what you are determining is whether the drugs in a defendant's possession were for his personal use or for the purpose of distribution.  Often it is possible to make this determination from the quantity of drugs found in a defendant's possession.

The possession of a large quantity of narcotics does not necessarily mean that a defendant intended to distribute them.  On the other hand, a defendant may have intended to distribute narcotics even if he did not possess large amounts of them.  You should make your decision whether a defendant intended to distribute the narcotics in his possession from all of the evidence presented.

Sand, <u>Modern Federal Jury Instructions</u>, 56-9; 56-11 (modified).

<u>**JURY INSTRUCTION NO. 45**</u>

(Type and Amount of Controlled Substance)

If you find that the government has proven a defendant guilty of possession with intent to distribute a controlled substance, then you must determine, beyond a reasonable doubt, what type and quantity of controlled substance are attributable to the defendant. In determining what type and quantity of controlled substance are attributable to a defendant, you should consider that a defendant is accountable for any type and quantity of drugs which he personally possessed with intent to distribute. A defendant is also accountable for any type and quantity of drugs which he aided and abetted another in possessing with intent to distribute.

See <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)

# JURY INSTRUCTION NO. 46

## (Aiding and Abetting)

In Count Two, the defendants are charged with a substantive crime as well as aiding and abetting. In considering Count Two, you are instructed that ordinarily, the guilt of a defendant may be established without proof that he personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself or herself may also be accomplished by him or her through direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

Specifically, Title 18, United States Code, Section 2(a) provides:

> Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.

Under this part of the aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crimes with which he is charged in order for you to find the defendant guilty.

A person who aids and abets another to commit an offense is just as guilty as that offense as if he committed it himself.

Accordingly, even if you find that a defendant did not commit every act constituting the alleged crime, you may nevertheless find that defendant guilty of the offense charged in Count Two, if you find beyond a reasonable doubt that the government has proved that another person actually committed the offense with which a defendant is charged and that the defendant aided and abetted that person in the commission of that offense.

As you can see, the first requirement for aiding and abetting is that you find that another person or persons have committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal act of another if no crime was committed by another person in the first place. If you do find that a crime was committed, then you must consider whether a defendant aided and abetted the commission of the crime.

In order to aid or abet another in the commission of a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seeks, through some act, to make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of an omission, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or disregard the law.

Very simply, under an aiding or abetting theory, the government must prove that a defendant knowingly and willfully associated himself with the crime in some way as a participant, not merely as a spectator. Merely being present at the scene of the crime or merely knowing that a crime is being committed or is about to be committed, without more, is not sufficient to establish aiding and abetting, although those are factors, among others, that may be considered by you in determining whether a defendant aided and abetted a crime.

To determine whether a defendant aided and abetted the commission of the crime with which he is charged in Count Two, ask yourself these questions:

Did he participate, in some way, in the crime charges as something he wished to bring about?

Did he associate himself with the criminal venture knowingly and willfully?

Did he seek, in some way, by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense, even if he did not personally commit every act constituting the alleged crime.

Sand, <u>Modern Federal Jury Instructions</u>, 11-2 (modified); O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 18.01 (modified); <u>United States v. Gaskins</u>, 849 F.2d 454 (4th Cir. 1988).

## **JURY INSTRUCTION NO. 47**

### (Punishment)

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon a defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Sand, Modern Federal Jury Instructions, 9-1.

## JURY INSTRUCTION NO. 48

(Submitting the Indictment)

I am sending a copy of the indictment in the jury room for you to have with you during your deliberations. You may use it to read the crimes which the defendant is charged with committing. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

## JURY INSTRUCTION NO. 49

### (Duty to Consult and Need for Unanimity)

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions.  If it succeeds, your verdict should be guilty; if it fails, it should be not guilty.  To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, solely upon the basis of such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence—if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.

However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided.  Your verdict, whether guilty or not guilty, must be unanimous.

In the event that your verdict is guilty as to Count One or Count Two, your decision regarding the type and quantity of drugs involved in the charged offenses also must be unanimous.

Sand, <u>Modern Federal Jury Instructions</u>, 9-7 (modified).

## JURY INSTRUCTION NO. 50

### (Foreperson – Verdict Form)

Upon retiring to the jury room, your first duty will be to elect a foreperson. The foreperson has no extra role, but he or she will preside over your deliberations and be your spokesperson in court. If you need to communicate with me, the foreperson will sign a note to me.

As I mentioned, a detailed verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, and then sign and date the form.

As I noted earlier, in addition to rendering a verdict on whether the defendants have or have not been proven guilty, I am asking you to make specific determinations as to Counts One and Two about the types and amounts of controlled substances involved. Your answers to these questions shall either be a "yes" or "no," and the answers must be unanimous. After all of you agree on the answer to the questions on the verdict form, the foreperson should write the answer and initial and date each of the forms.

After you have completed the form, please advise the Court, by sending a note through the Marshal, that you have reached a verdict. When I receive that note, I shall have you return with your verdict to the courtroom.

Sand, <u>Modern Federal Jury Instructions</u>, No. 9-5, 9-9 (modified).

## JURY INSTRUCTION NO. 51

### (Communication with the Court)

If it becomes necessary during deliberations to communicate with the Court, you may send a note by a Marshal, signed by your foreperson, or by one or more members of the jury. No member of the jury should communicate with the Court by any means other than a signed writing, and the Court will not communicate with any member of the jury on any subject touching on the merits of the case, other than in writing, or orally here in open court.

You will note that from the oath about to be taken by the Marshal that he, too, as well as all other persons, is forbidden to communicate in any way with any member of the jury on any subject touching the merits of the case.

Bear in mind that you may not reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the defendants, until after you have reached a unanimous verdict.

Sand, Modern Federal Jury Instructions, 9-3 (modified).

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of September, 2014, a copy of the foregoing

Government's Requested Jury Instructions was served on defense counsel via electronic filing.


/s/_____
Peter J. Martinez
Assistant United States Attorney